## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JOSEPH L. VASTAG and | ) | |
| VERONICA VASTAG | ) | No. 05 B 31035 |
| | ) | |
| Debtor. | ) | |

### MEMORANDUM OPINION ON
### UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

### DESCRIPTION OF THE PARTIES

Joseph L. And Veronica Vastag ("Debtors") are the joint debtors in their underlying Chapter 13 Bankruptcy, later converted to one under Chapter 7. The United States of America ("USA"), by its agency, the Internal Revenue Service, filed the Amended Proof of Claim at issue. Debtors filed Objection to that claim.

### FACTS SUPPORTING JURISDICTION

Debtors reside in Cook County, Illinois, which is within the geographic limits of the Northern District of Illinois. Jurisdiction and venue in this Court are therefore proper pursuant to 28 U.S.C. §§ 157(b)(2)(B), 1334(b), and 1408.

The United States filed its Motion for Summary Judgment on Debtors' Objection to the Internal Revenue Service Amended Proof. It filed supporting papers. Neither Debtors during pendency of their Chapter 13 proceeding or after conversion to Chapter 7, nor the Chapter 7 Trustee, have filed any response to or materials in opposition to that Motion. For reasons stated below, the Motion is allowed by separate order.

The following undisputed facts are taken from filings by the United States.

## UNDISPUTED FACTS

On April 27, 2001, Debtors filed their federal income tax return for the 1999 tax period reporting a tax liability of $167,824.00. See 1999 Individual Income Tax Return (Form 1040), submitted as USA Exhibit 1.[1] Shortly after filing that return, on May 21, 2001, the Debtors were assessed the tax liability along with late-filing and failure-to-pay penalties in the amount $47,515.63, and were issued a notice and demand for payment. See Literal Transcript for Debtors' 1999 Tax Liability, submitted as USA Exhibit 2. After Debtors' continued failure to pay, the assessments gave rise to a federal tax lien securing the liability, under 26 U.S.C. § 6321. Notice of the federal tax lien was subsequently filed with the Recorder of Deeds of Cook County, Illinois on April 12, 2002. See Notice of Federal Tax Lien, submitted as USA Exhibit 3.

On the date Debtors filed their petition commencing this Chapter 13 case, and after accounting for their small payments towards the unpaid taxes, interest and penalties, Debtors' outstanding tax liability for the 1999 tax period was $296,184.11. See Declaration of Victor Skadauski, submitted as USA Exhibit 4. On August 18, 2005, the Internal Revenue Service filed a Proof of Claim in this Bankruptcy case in the amount of $296,184.11 comprised entirely of a secured claim for the unpaid tax, interest, and penalties from the 1999 tax period. See Proof of Claim, submitted as USA Exhibit 5. On September 20, 2005, the Internal Revenue Service filed an amended Proof of Claim reclassifying part of its secured claim as an unsecured general claim; the amended Proof of Claim is comprised of a secured claim in the amount of $189,300.00 and an unsecured general claim in the amount of $106,884.11. See Amended Proof of Claim, submitted as USA Exhibit 6.

---

[1] "USA Exhibit . . ." refers to exhibits filed in support of the Motion for Summary Judgment.

On September 26, 2005, Debtors filed a "Motion to Object to Claim of Internal Revenue Service" (hereinafter "Debtors' Objection"). The gist of Debtors' Objection is that in September 2005, Debtors filed both a Form 1040X Amended Return (see USA Exhibit 7) and a Form 843 Request for Abatement (see USA Exhibit 8) that if accepted by the Internal Revenue Service, would have eliminated most or all of Debtors' liability for the unpaid taxes, interest, and penalties for the 1999 tax period. However, the Internal Revenue Service did not accept either document and no abatement of the 1999 assessments was made by it.

The United States filed its response to Debtors' Objection on November 28, 2005; an amended response was filed on January 30, 2006. Although the United States acknowledges receipt of both the 1040X Amended Return and the Form 843 Request for Abatement, neither document has any impact on the Internal Revenue Service's Proof of Claim for reasons discussed below . Because the filing of these documents did not provide any basis for relief against the Internal Revenue Service's claim, the United States has moved for a summary adjudication dismissing Debtors' Objection.

ARGUMENT

The summary judgment procedures set forth in Rule 56 of the Federal Rules of Procedure apply in bankruptcy proceedings including the litigation of contested matters such as Debtors' Objection. See Fed. R. Bankr. P. 9014, 7056. Under the well-settled standard under Rule 56(c), "summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits [show] that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." See e.g., In re Linc Capital, Inc., 310 B.R. 847, 856 (Bankr. N.D. Ill. 2004) (citing Celotex Corp. v. Catrett, 477 U.S.

317, 322 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Matsushita Elec.</u>

<u>Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-86 (1986); <u>Tyler v. Runyon</u>, 70 F.3d 458,

464 (7th Cir. 1995)). Based on the record shown in the foregoing Undisputed Facts, there are no

material facts in dispute and the United States is entitled to judgment dismissing the Objection to

Amended Claim and for Judgment on the Amended Claim as a matter of law. The reasons

articulated in Debtors' Objection cannot afford any relief from the amended Proof of Claim filed

by the Internal Revenue Service.

　　　A Proof of Claim filed in accordance with 11 U.S.C. § 501 constitutes prima facie

evidence of the validity and the amount of the claim. See Fed. R. Bankr. P. 3001(f). The burden

is on the objector to introduce evidence rebutting the presumption, <u>see</u> <u>In re Chapman</u>, 132 B.R.

132, 143 (Bankr. N.D. Ill. 1991); however, "filing an objection to the claim without more is

insufficient to challenge the rebuttable presumption" of validity. <u>See</u> <u>id</u>. Rather, an objection

must be premised on one or more of the grounds set forth in 11 U.S.C. § 502(b). Debtors'

objection to the claim of the Internal Revenue Service is not, however, premised on any of the

grounds enumerated in Section 502(b). Accordingly, as a matter of law, Debtors are not entitled

to any relief

　　　The Internal Revenue Service's claim against Debtors' bankruptcy estate is based on the

taxes, interest, and penalties assessed against the Debtors for the 1999 tax period. These

assessments are presumptively correct; Debtors can prevail on their objection only if they

establish by a preponderance of the evidence that the assessments are arbitrary and excessive.

<u>United States v. Fior D'Italia, Inc.</u>, 536 U.S. 238, 242 (2002) (citing <u>United States v. Janis</u>, 428

U.S. 433, 440 (1976)) ("It is well established in the tax law that an assessment is entitled to a

legal presumption of correctness"). Debtors do not, however, claim that these assessments are either arbitrary or excessive. Rather, Debtors claim that their recently filed Form 1040X Amended Return and Form 843 Request for Abatement, if accepted by the Internal Revenue Service, may reduce the assessment. The possibility that the Internal Revenue Service may unilaterally choose to reduce Debtors' assessment -- an unlikely possibility for the reasons set forth in the substantive tax analysis provided in footnote 3, infra -- is simply not a valid basis to object to the Internal Revenue Service's claim.

The two forms filed by the Debtors in September 2005 did not impose any legal obligation on the Internal Revenue Service and did not entitle the Debtors to any relief. Both forms -- the Form 1040X Amended Return and the Form 843 Request for Abatement -- are typically used by taxpayers as administrative claims for refunds. Coupled with the full payment rule announced in Flora v. United States, 362 U.S. 145 (1960), an administrative claim is a jurisdictional prerequisite for a civil action for refund of taxes. See 26 U.S.C. §§ 6532, 7422(a).[2] Debtors do not, however, seek a refund of any tax. Rather, Debtors are trying to use the forms to reduce or challenge the 1999 assessments. There is no authority, however, vesting any legal significance to either a 1040X Amended Return or a Form 843 Request for Abatement outside of their limited function as administrative refund claim. Although the Internal Revenue Service has "as a matter of internal administration, recognized and accepted such returns for limited purposes, including to correct plain errors in original returns, their treatment has not been elevated beyond a matter of internal agency discretion." See In re Stokes, 320 B.R. 821, 827

---

[2] ' Because Debtors did not fully pay their 1999 tax liability, the Form 1040X Amended Return and Form 843 Request for Abatement filed in September 2005 could not, under any circumstance, provide a jurisdictional basis for a refund suit.

- 5 -

(Bankr. D. Md. 2004) (citing <u>Koch v. Alexander</u>, 561 F.2d 1115, 1117 (4th Cir. 1977)). Courts

have, in fact, categorically rejected taxpayer attempts to challenge outstanding tax assessments

using these types of forms. <u>See</u> <u>id</u>. (citing <u>Miskovsky v. United States</u>, 414 F.2d 954, 956 (3rd

Cir. 1969)) ("[I]t would be utterly disruptive of the administration of the tax laws if a taxpayer

could disregard his return and automatically change an assessment based thereon by making an

amended return in his favor long after the expiration of the time for filing the original return.").

The challenge to the Internal Revenue Service's claim raised in Debtors' motion -- that the

recently filed Form 1040X and Form 843 will, if accepted, reduce their tax liability -- does not

provide a proper legal objection that could disturb the presumption of validity accompanying the

government's Proof of Claim. Neither form asserts that the Internal Revenue Service's claim is

unenforceable against the Debtors, <u>see</u> 11 U.S.C. 505(b)(1), and neither form entitles the Debtors

with any relief other then a discretionary review of the 1999 assessments by the Internal Revenue

Service. The Internal Revenue Service has declined to accept either document, and has further

declined to abate any of the assessments made against Debtors for the 1999 tax period. Because

Debtors do not seek to challenge the rejection of both the Form 1040X Amended Return and

Form 843 Request for Abatement as an abuse of discretion, they are not entitled to any relief

- 6 -

from the Internal Revenue Service's Proof of Claim.[2/] As a matter of law, their objection must

therefore fail.

## CONCLUSION

Debtors do not dispute that the Internal Revenue Service properly filed its Proof of Claim.

Nor do Debtors dispute that they owe the federal tax debt set forth in the Internal Revenue

Service' Proof of Claim. Rather, Debtors seek to rely on the Internal Revenue Service's discretion

to accept their recently-filed Form 1040X and Form 843 as a challenge to the Internal Revenue

Service's claim. Because this theory neither challenges the enforceability of the United States'

claim against the debtors nor implicates any other valid grounds for objecting to a claim set forth

---

[2/] The Form 1040X Amended Return and the Form 843 Request for Abatement filed by the Debtors
were attached to Debtors' filing. Both documents contain little more than requests for tax relief. Neither the
Form 1040X Amended Return nor the Form 843 Request for Abatement purport to adjust the income,
deductions or credits reported on Debtors' 1999 federal income tax return. Rather both filings seek to offset
all of the Debtors' income for the 1999 tax period with losses purportedly incurred during the 2000 tax
period. The USA argues that no such losses were reported on Debtors' 2000 tax return either. Debtors' now
seek to generate these losses by treating themselves as if they filed an election pursuant to 26 U.S.C. § 475
for the 2000 tax period. The exclusive time period for making such an election for the 2000 tax year,
however, expired more than five years ago on April 15, 2000. And because such an election is required to
be made before taxpayers have the hind-sight benefit of evaluating the performance of their securities, the
Internal Revenue Service does not permit such an election to be made after the due date (without extensions)
of the tax return for the preceding period. See Rev. Proc. 99-17, 1999 WL 65395, 1999-1 C.B. 503 (Feb. 16,
1999) ("This revenue procedure provides the exclusive procedure for dealers in commodities and traders in
securities or commodities to make an election to use the mark-to-market method of accounting under § 475(e)
or (f) of the Internal Revenue Code ... The [election] must be filed not later than the due date (without regard
to extensions) of the original federal income tax return for the taxable year immediately preceding the
election year and must be attached either to that return or, if applicable, to a request for an extension of time
to file that return."). Debtors current attempt to make this election through the 1040X and Form 843 is six
years late and therefore was not accepted by the Internal Revenue Service.

Moreover, not all of Debtors' 1999 tax liability could be offset by the election if timely made.
Because Debtors' liability is comprised of unpaid taxes, interest, and penalties, even if their 1999 tax
liability were adjusted to reflect the filing of a 475(f) election, the carry back losses generated by the
election could not effect the penalties and much of the interest assessed against the Debtors. Debtors'
failure to timely file their 1999 return and make adequate tax payments earned them a $47,515.63
penalty assessment. No amount of carry back loss was accepted by the IRS to apply towards any
portion of this penalty and assessed interest.

in 11 U.S.C. § 505(b), a summary judgment denying Debtors' Objection to Claim of Internal

Revenue Service will separately enter.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 24th day of July 2006.